# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10183
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON VALDEZ-JAIME,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CR-70-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ramon Valdez-Jaime appeals the 60-month sentence imposed following his guilty plea conviction for illegal reentry after deportation. He asserts that his sentence, which resulted from the district court upwardly varying from the advisory guidelines range, is substantively unreasonable. According to Valdez-Jaime, the district court afforded excessive weight to his remote prior offenses,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

most of which were not assessed any criminal history points, and failed to give sufficient weight to his personal circumstances.

In this court, Valdez-Jaime has not demonstrated that his sentence was substantively unreasonable. The record reflects that the district court had an adequate basis for the sentence imposed and was guided by the 18 U.S.C. § 3553(a) sentencing factors in concluding that an upward variance was merited. The district court made an individualized assessment and found that the guidelines range did not properly account for the § 3553(a) factors. Valdez-Jaime's criminal history was a suitable factor for the district court to consider in imposing an upward variance, *see United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006), and the district court was not required to afford his personal circumstances dispositive weight, *see United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). His disagreement with the sentence imposed and the district court's weighing of the § 3553(a) factors is insufficient to establish that the district court abused its discretion. *See Gall v. United States*, 522 U.S. 38, 51 (2007). The totality of the circumstances reflects that his 60-month sentence, which was 27 months above the top of the advisory guidelines range, was not so disproportionate as to overcome the factors that warranted its imposition. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

AFFIRMED.